Bigelow, J.
We have not thought it necessary to consider the question presented by the refusal of the court to allow the original exceptions, because, if allowed, it is apparent that they could not have availed the defendant. He is not, therefore, aggrieved by the refusal of the court to allow them.
The motion to dismiss the action, because the writ was served by a constable, and for the want of an appraisement of the goods replevied, not having been made at the first term, was rightly overruled. These objections, not having been raised seasonably, must be considered as waived. Simonds v. Parker, 1 Met. 508; Wolcott v. Mead, 12 Met. 516; Smith v. Robinson, 13 Met. 165.
. The amendment of the writ, if necessary at all, was clearly within the power of the court under Rev. Sts. c. 100, § 22, which authorizes amendments to be allowed either “ in form or substance.” The court in this-case had jurisdiction of the parties and of the subject-matter of the suit. The value of the property, as alleged in the amendment, is not disputed by the defendant. The amendment introduced no new element of jurisdiction, which did not exist before. It only made it apparent on the face of the writ, that the case was within the jurisdiction of the court. It was, therefore, rather an amend *274 ment in form than in substance, and as such, could not well have been refused by the court. Cragin v. Warfield, 13 Met. 215. Exceptions overruled.